**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RACHEL GUNTER, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>DELL TECHNOLOGIES INC., )<br>Defendant. ) | Case No.:<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

RACHEL GUNTER, individually and on
behalf of all others similarly situated,

               Plaintiff,

v.

DELL TECHNOLOGIES INC.,
               Defendant.

Case No.:

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff Rachel Gunter ("Plaintiff" or "Plaintiff Gunter"), on behalf of herself and all persons similarly situated, by and through her attorneys, alleges as follows based upon personal knowledge as to herself and her own acts and experiences, and upon information and belief and the investigation of counsel as to all other matters.

## INTRODUCTION

1.      Plaintiff brings this class action on behalf of herself and a class of current and former owners of Dell-brand hybrid computing devices, including the Inspiron 2-in-1, that utilize a dual hinge system ("Class Devices" or the "Devices") to redress Defendant Dell Technologies Inc.'s ("Dell") purposeful, knowing and fraudulent marketing, sale and warranting of defective Class Devices.

2.      The Class Devices are 2-in-1 laptops/tablets that sell at a premium relative to traditional laptops. According to Dell, the Class Devices utilize a purportedly revolutionary dual 360-hinge system—which is substantially identical across Class Devices with respect to design, form, assembly and function—that allows consumers to use Class Devices in different configurations as either a traditional laptop or a touchscreen tablet, simply by folding one of the device's surfaces along its two hinges.

3.      Dell claims the Class Devices are mobile and versatile because its purportedly durable 360-hinges allow the Devices to provide both the computing power of a laptop and the efficiency of a touchscreen tablet. Unbeknownst to consumers, however, the dual 360-hinge system is defective in that the hinges prematurely and unexpectedly seize and fail after only months of use, rendering the hinges inoperable and prohibiting Plaintiff and Class members from changing the configuration of their Devices, and even prohibits them from simply closing and opening the Devices. The Defect thereby deprives owners of the Devices' defining feature: the ability to be configured as either a tablet or a laptop (the "Defect").

4.      The Defect not only renders the hinges inoperable; it also damages other Device components. For example, as the Defect manifests and the hinges begin to seize, the plastic bezel surrounding the screen can crack, as can the screen itself, rendering Class Devices useless for their intended purpose.

5.      Dell knew or should have known of the Defect long before it placed Class Devices into the stream of commerce through, *inter alia*, durability testing—where it purportedly subjected the dual 360-hinge system to extensive cycle testing by opening, closing, and twisting the laptop base and lid *tens of thousands of times*—that did or should have revealed the Defect, knowledge

buttressed by consumer complaints that Dell began to receive shortly after bringing the Class Devices to market.

6.      Yet Dell elected to conceal the Defect from Plaintiff and the Class. Indeed, even when consumers advise Dell that the Defect has manifested in Class Devices, Dell denies that the Defect exists and asserts hinges only fail when misused (and, thus, are not covered by warranty).

7.      As a result of Dell's unfair, deceptive, and/or fraudulent business practices, current and former owners of Class Devices, including Plaintiff, have suffered an ascertainable loss of money, property, and/or loss in value. Had Plaintiff and the Class known about the Defect at the time of purchase, they would have paid substantially less for their Class Devices, or would not have purchased them and avoided the significant out-of-pocket costs they have or will incur to repair or replace Class Devices once the Defect manifests.

8.      Accordingly, Plaintiff brings this action to redress Dell's violations of various states' consumer fraud statutes, breach of express and implied warranties, and other common law wrongs.

## JURISDICTION & VENUE

9.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act of 2005, because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different States. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4883-1669-6412, v. 1

10.     This Court has personal jurisdiction over Dell because it has conducted substantial business in this judicial district, and intentionally and purposefully placed the Class Devices into the stream of commerce within the district of Maryland and throughout the United States.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant transacts business in this district, advertises in this district and has received substantial revenue and profits from its sales of Class Devices in this district, including to Plaintiff and other members of the Class; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

## **PARTIES**

### **Plaintiff Gunter**

12.     Plaintiff Rachel Gunter ("Plaintiff" or "Plaintiff Gunter") is a citizen of the State of Maryland, and currently resides in Phoenix, Arizona.

13.     Plaintiff Gunter purchased a Dell Inspiron 7300-5395S 2-in-1 hybrid computing device on September 27, 2020 from a Best Buy store located in Rockville, Maryland.

14.     Prior to purchasing her Class Device, Plaintiff Gunter researched different laptops and viewed multiple advertisements from Dell, touting the Dell 2-in-1's 360-degree hinge rotation and touch screen features. These features persuaded Plaintiff Gunter to purchase a Class Device over competitive offerings.

15.     At no point, either in researching the Class Devices, at the point of sale or otherwise, did Dell disclose the Defect to Plaintiff Gunter. Had Dell disclosed the Defect to Plaintiff Gunter, she would not have purchased a Class Device, or would have paid substantially less for it.

16.     Immediately after receiving her Class Device, Plaintiff Gunter reviewed the Class Device box and the documents included inside the box. Neither of these sources disclosed the Defect to Plaintiff Gunter.

17.     In or around October of 2021, Plaintiff Gunter began experiencing issues with her Class Device. The right hinge on Plaintiff Gunter's Class Device began to pull apart from the laptop screen. As a result, Plaintiff Gunter was forced to tape the hinge connected to the laptop screen to the base of the computer in order to secure the device and keep it in an open position as frequent as possible.

18.     In October of 2022, the cracked hinge worsened, and several pieces of the hinge on Plaintiff Gunter's Device hinge broke off.

19.     Since the hinge in her Class Device disconnected the screen from the laptop base, and broke off, Plaintiff Gunter has been unable to close her Device, instead having to leave it open at all times, thereby eliminating the Device's portability or hybrid functionality and preventing her from using the Device for its intended and foreseeable purpose.

20.     In 2022, Plaintiff Gunter contacted Dell to seek warranty coverage for the Defect. Dell informed Plaintiff Gunter that she would have to mail her Class Device to Dell and pay for it to be repaired. Plaintiff Gunter was unable, and unwilling, to pay to mail the Device and pay for the repairs. Due to her reliance on the Class Device, Plaintiff Gunter was forced to continue using the defective Class Device.

21.     Plaintiff Gunter has suffered an ascertainable loss as a result of the Defect. Had Dell disclosed the Defect to Plaintiff Gunter, she would not have purchased a Class Device and would have avoided the extensive costs she will incur to repair or replace it, or would have paid substantially less for it.

**The Defendant**

22.     Defendant Dell Technologies Inc. is a corporation created under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

4883-1669-6412, v. 1

## TOLLING OF STATUTES OF LIMITATIONS

23.     Any applicable statute(s) of limitations have been tolled by Dell's knowing and active concealment and denial of the facts alleged herein.  Plaintiff and the members of the Class could not have reasonably discovered the true, latent nature of the Defect until shortly before this class action litigation was commenced.

24.     In addition, even after Plaintiff and Class members contacted Dell and/or its authorized retailers for Class Device repairs concerning the effects of the Defect, they were routinely told by Dell and/or through its retailers that the Class Devices were not defective and that a breakdown of the hinge on a Class Device was the result of normal use of the Class Devices.

25.     Dell was and remains under a continuing duty to disclose to Plaintiff and the members of the Class the true character, quality, and nature of the Class Devices.  As a result of Dell's active concealment, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## FACTUAL ALLEGATIONS

### A.     Class Devices

26.     Dell Inspiron 2-in-1 computing devices that utilize a dual 360-hinge system are part of a series of laptops/tablets that first debuted in 2014. Dell marketed its 2-in-1 devices as offering "capabilities in a design that's infinitely more flexible"[1] than a typical laptop or tablet.

27.     The Inspiron 2-in-1 series' primary selling point is its ability to switch between a laptop and tablet due to "[a]n innovative 360-degree hinge" that provides users with four unique usage modes: tablet mode, stand mode, tent mode, and laptop mode.[2]

---

[1] *Inspiron 2-in-1 Laptops*, Dell, https://web.archive.org/web/20201109152423/https://www.dell.com/en-us/shop/2-in-1-laptops/sf/2-in-1-pcs (cached Nov. 9, 2020).

[2] *Inspiron 2-in-1 Laptops*, Dell, https://web.archive.org/web/20201109152423/https://www.dell.com/en-us/shop/2-in-1-laptops/sf/2-in-1-pcs (cached Nov. 9, 2020).

4883-1669-6412, v. 1

28.     Indeed, Dell often advertises Inspiron 2-in-1 devices by displaying them folded along their hinges in various configurations[3]:



29.     According to Dell Class Devices are "thin & light" and built with "lightweight durable materials."[4] Dell further touts that its 2-in-1 devices are "flexible" and allow users to "[t]ransition between laptop, tent, tablet or stand modes[,]"[5] while further noting that the Inspiron 2-in-1 7000 devices, like Plaintiff's, are equipped with "an improved lift-hinge that adds a tilt to the keyboard[.]"[6]

30.     Dell markets its 2-in-1 devices, including the Class Devices, by focusing on this purportedly unique trait—for example, by folding the devices along both hinges—in order to demonstrate the flexibility and stability of the Devices and distinguish them from its competitors.

---

[3] *Inspiron 2-in-1 Laptops*, Dell, https://web.archive.org/web/20201109152423/https://www.dell.com/en-us/shop/2-in-1-laptops/sf/2-in-1-pcs (cached Nov. 9, 2020).
[4] *Inspiron 2-in-1 Laptops*, Dell, https://web.archive.org/web/20201109152423/https://www.dell.com/en-us/shop/2-in-1-laptops/sf/2-in-1-pcs (cached Nov. 9, 2020).
[5] *Member Purchase | Inspiron Laptops & 2-in-1 PCs*, Dell, https://web.archive.org/web/20200606180321/https://www.dell.com/en-us/member/shop/dell-laptops/sf/inspiron-laptops (cached June 6, 2020).
[6] *New Inspiron 15 7000 2-in-1 Laptop*, Dell, https://web.archive.org/web/20201111153821/https://www.dell.com/en-us/shop/2-in-1-laptops/new-inspiron-15-7000-2-in-1-laptop/spd/inspiron-15-7506-2-in-1-laptop (cached Nov. 11, 2020).

4883-1669-6412, v. 1

The adaptability and flexibility of Class Devices is their central selling proposition, and the primary reason consumers purchase them over traditional laptops.

31.     Consequently, the flexibility and durability of the 360-hinge system Dell uses in the Class Devices is central to product functionality, and material to consumers' decision to purchase a Class Device.

**B.      The Defect**

32.     To connect the display and the base of the laptop, the Class Devices utilize hinges. Dell assembles the hinges into all Class Devices in the exact same manner: the hinges are installed into the display portion of the laptop and secured with using screws, and then attached to the base of the device in the exact same manner.

33.     The Class Devices utilize a dual 360-hinge system. The hinges are identical from a design and engineering standpoint regardless of the particular model at issue. For example, the hinge used in the 7300-5395 model owned by Plaintiff (Figure 1) is substantially similar to the hinge used in model 3000-3147 devices (Figure 2), one of the first Class Devices Dell brought to market.



*Figure 1*                                    *Figure 2*

34.     Dell claims the 360-hinges used in its dual hinge system are durable and reliable, and that it subjects its 360-hinges to durability testing designed to ensure the hinges withstand tens of thousands of uses, including testing that covers opening, closing and twisting the devices.[7] Dell, in fact, claims its 360-hinges have been tested thousands of times, stating "[o]pen, closed, or twisted – Inspiron's base and lid have been tested tens of thousands of times."[8]



## Keys and hinges

Our power buttons are tested for 40,000 presses and our keyboard keys for 5 million clicks without failure. Open, closed, or twisted— Inspiron's base and lid have been tested tens of thousands of times.

35.     The hinges used in the Class Devices, however, are defective. Specifically, the Defect causes the hinges to separate from the device, ultimately (1) damaging visual displays, (2) cracking screens, (3) impeding device owners from transitioning the configuration of Class Devices, and/or (4) prohibiting owners from closing and transporting Class Devices for fear of completely breaking them.

---

[7] *New Inspiron 17 7000 2-in-1*, Dell, https://web.archive.org/web/20200113152356/https://www.dell.com/en-us/shop/dell-laptops/new-inspiron-17-7000-2-in-1/spd/inspiron-17-7790-se-2-in-1-laptop#features_section (cached Jan 13, 2020).
[8] *Inspiron 13 7390 2-in-1 Laptop*, Dell, Dell Inspiron 13 7000 Laptop 2-in-1 SE | Dell USA (archive.org) (cached Aug. 10, 2020).

4883-1669-6412, v. 1

36.     A detached hinge tends to damage the underside of the Device's display and creates pressure against the display's glass, causing the screen and surrounding plastic to shatter, which can damage internal components such as the camera and rendering further use of the laptop not only impossible, but dangerous as well.

37.     More importantly, once the hinge has separated, Plaintiff and Class members lose access to their Device's defining feature: the ability to transport their device (i.e. the fundamental purpose of a laptop) and easily transition it between its possible laptop and tablet configurations.

38.     Unfortunately for Plaintiff and Class members, they could not have readily discovered the true extent and nature of the Defect until *after* it manifested in their Class Devices. Dell, however, has long known of the Defect while concealing its existence from its customers.

**C.     Dell's Longstanding Knowledge of the Defect**

39.     On information and belief, Dell learned of the Defect well before Plaintiff and Class Members purchased their Class Devices through sources such as pre-release evaluation and testing, repair data, replacement data, early consumer complaints made directly to Dell and/or posted on a public online forum, and other internal sources unavailable to Plaintiff prior to discovery.

**1.     Dell's Knowledge of the Defect Gained from Pre-Release Design, Manufacturing, Engineering, and Testing Data**

40.     During the pre-release process of designing, manufacturing, engineering, and testing the Class Devices, Dell gained comprehensive and exclusive knowledge about the Class Devices and their hinge design, particularly the basic engineering principles behind the construction and function of the Class Devices and the expected conditions and uses to which users would subject the Class Devices in ordinary and foreseeable use and conditions.

41.     An adequate pre-release analysis of the design, engineering, testing, and production of Class Devices did reveal, or should have revealed, to Dell that the dual 360-hinge system used in Class Devices is defective and likely to prematurely failing in the normal course of use.

42.     Dell also markets Class Devices in part by touting the considerable open-close cycle testing to which it subjects its 360-hinges. Given that consumers report the hinges tend to fail after only months of use—during which time Class members likely have used their hinges on only *hundreds* of occasions—pre-release testing necessarily did or should have revealed that Class Devices suffer from the Defect and are prone to premature failure.

**2.     Dell's Knowledge of the Defect from Customer Complaints Posted to the Dell Website**

43.     Dell also knew or should have known about the Defect because of the hundreds (if not thousands) of consumer complaints it has received from affected Class members.

44.     Indeed, Dell's own forums (which, as demonstrated below, Dell regularly monitors for customer complaints in order to respond thereto), are replete with complaints related to hinge failure—and the attendant risk of screen cracking—in previous Inspiron 2-in-1 devices.

45.     Only a sample of the complaints pertaining to those models is transcribed below. However, these exemplar complaints, each of which predates Dell's release of the Class Devices and Plaintiff's purchase of her Class Device, demonstrates that Dell has long been aware of the Defect plaguing the dual 360-hinge system central to the functionality of Class Devices:

> yup, chiming in to say the same things everyone else has said. never dropped the laptop, don't travel with it, screw on left fell out when i opened the back, $180 for parts and labor. i'm appalled to discover that dell will not take responsibility for this design/manufacturing flaw when clearly so many people have experienced the exact same uncalled for breakage. this wasn't my first dell but it's certainly my last.[9]

---

[9] Posted by 7559hingedefect on 7/18/2019 (https://www.dell.com/community/Inspiron/15-7559-hinges-are-defective/m-p/5975568).

I purchased my Inspiron 15 7000 series 2 in 1 laptop in May during the memorial day sale from best buy. Hardly a week after my purchase i started facing issues with the right hinge. As soon as i close the lid the back panel and the front fiber separate. The problem is occurring because the hinge is not properly fastened. The only reason why i am writing here is because i made the purchase from the US and now i am in India where this model is not sold. I have transferred the warranty (Which took months) but am still not able to get coverage for the damage to my computer which i wasn't even responsible for. Can anyone suggest any solutions for this situation. It would definitely help me a lot.[10]

I had purchased the Dell 15 7579 2-in-1 laptop in December 2016. Few hours into my use, the right hinge got locked while closing the laptop and I wasn't able to close the laptop. As I subtly tried to close the lid I observed the display lid opening up from the sides (As shown in the image below), hence I stopped right there to avoid any further complications. I did go to the carry-in service center nearby and they said a part of the hinge assembly seems to be broken and needs to be replaced but it won't be covered under warranty. . . [11]

I was just now using mine, it started clicking. You can see where the hinge is not seated correctly. I think this is a manufacturers issue...I have had mine about a week...it is the 7000 Inspiron 15[12]

I have the same problem.  rear left corner just popped apart.  Lightly used laptop that has never left the house.  What can I get done?  My warranty went out on 2/8/2017  I had a 2 year extended...that ***. Inspiron 15 7000 Series 7559 broken hinge[13]

I bought the laptop from my brother that bought it brand new and never used it. I had it for not even one year and one day when flipping it open BOOM! Plastic pieces flying everywhere and the screen is detached. Talk about very and I mean extremely badly made. You should be embarrassed Dell!!! Worst laptop I have ever owned! I will never buy another touch screen Dell ever again and if you are thinking of doing so don't if you want a flimsy cheap laptop that will break right away![14]

---

[10] Posted by Gaurav.dhariwal on 10/1/2017 (https://www.dell.com/community/Laptops-General-Read-Only/Hinge-issue-with-my-Dell-Inspiron-15-7579/td-p/5174126).

[11] Posted by tesla9 on 1/17/2017 (https://www.dell.com/community/Laptops-General-Read-Only/Inspiron-15-7579-Hinge-Issue/td-p/5141216).

[12] Posted by JKirgan on 2/14/2017 (https://www.dell.com/community/Laptops-General-Read-Only/Inspiron-15-7000-7579-Hinge-Issue/td-p/5141216).

[13] Posted by ckinardtx on 8/31/2017 (https://www.dell.com/community/Laptops-General-Read-Only/Dell-s-hinge-policy-regarding-Inspiron-15-7000-series/td-p/5144121).

[14] Posted by CLopez84 on 11/12/2019 (https://www.dell.com/community/Inspiron/Dell-Inspiron-15-7579-2-in-1-hinge-problem-and-warranty-denied/td-p/7355729).

I have exactly the same problem. My laptop is less than 2 years old and still in garantee, but the hinge problem is not covered. Furthermore, when I phoned, they could not say what it would cost to repair (while it's a common problem), only that having my laptop picked up to check would already cost me euros. It's really a shame that Dell so cowardly accuses the user for this problem (https://www.dell.com/community/Laptops-General/Dell-Laptop-Hinge-Policy-Updated-1-19-18/m-p/5077521 ) when there are so many complaints. I've had all kinds of laptops (mac, HP, Acer) and opened them all the same way and they never had an hinge problem. So it's not incorrect usage, nor normal wear and tear![15]

I have 2 dell 7559 each having an issue with the left hinge I purchased an extended warranty for the unit and was told that it due to normal operation seeing that others are having similar issues I think its more than what dell is admitting to what can be done to get the problem fixed without paying for it[16]

The left hinge broke first on my 15-7559, then the right one. I have noticed other posts complaining about the exact same issue and hinge. Dell attributes this to user abuse and surmises that people are opening the right hand corner first, putting stress on the left hinge. I am left - handed. so I doubt that. . . .[17]

46.     Due to the identical design, and nature of the complaints concerning premature and unexpected failure, of the dual 360-hinge system in predecessor 7000 models, Dell knew or should have known of the Defect prior to placing Class Devices into the stream of commerce.

47.     The full universe of complaints made directly to Dell about the Defect is information presently in the exclusive custody and control of Dell and is not yet available to Plaintiff prior to discovery. On information and belief, however, many Class Devices owners complained directly to Dell about the Defect and the issues it caused. For example, some instances of these direct-to-Dell complaints were posted online on Dell's own website forums, and responded to by Dell customer service[18]:

---

[15] Posted by MissMB on 4/24/2018 (https://www.dell.com/community/Inspiron/15-7559-hinges-are-defective/m-p/5975568).
[16] Posted by bobcgarre on 6/22/2018 (https://www.dell.com/community/Inspiron/15-7559-hinges-are-defective/m-p/5975568).
[17] Posted by William the Explorer on 2/25/2018 (https://www.dell.com/community/Inspiron/15-7559-hinges-are-defective/m-p/5975568).
[18] Posted by RBG Computer on 7/28/2017 (https://www.dell.com/community/Laptops-General-Read-Only/Dell-s-

4883-1669-6412, v. 1





48.     Despite Dell's agent's assertions that the hinge issue was not a "known issue,"

numerous other consumers posted similar complaints on Dell's message board:

hinge-policy-regarding-Inspiron-15-7000-series/td-p/5144121).

14

4883-1669-6412, v. 1

I am also facing the same issue. I bought the laptop 3 year back and have always taken good care of it. Today, when I was trying to close the laptop, display panel started getting separated. I am not sure what to do. Dell should provide assistance to resolve this.[19]

Had this exact same problem and am so disappointed that Dell doesn't stand behind their products.  Yes, our laptop is 4 years old and out of warranty, but with a fundamental design flaw in this laptop, I'd expect more than a "send us your machine for $40 shipping and we'll tell you how much it will cost to repair after it gets here" response.  This machine cost $800 and doesn't even last 4 years?  Every time I open and close it, the screen just about snaps off.  We'll check into some of the cheaper repair options posted here, but this is so disappointing.  This one is our last Dell for sure!  Anyone else even considering Dell products, I'd encourage you to shop elsewhere![20]

My wife was using her 7579 tonight and then we decided to go make dinner.  She closed the lid and heard a bad sound and sure enough, the display had popped out of the lower R corner thanks to that damn hinge.[21]

I have same model and Dell has replaced it now 9 times under 3 year extended warranty. Clearly it is their design fault and they are well aware of it. But it is so disappointing that Dell still not issue a product recall and provide replacements. This only proves in future move to something else but not Dell. They will do everything to say it is customer fault but nothing to accept it was there issue.[22]

Had the same problem with my Dell,a brand I always had looked up to.Laptop was never abused but one day it just started falling apart.First plastic broke.Then it came loose.Now it's holding together with a clamp till I can fix it.Metal frame just broke apart and screw holes were broken off.This is a very POOR design from Dell.I'm sure they'll apologize  <Profanity removed. TOS64>  while doing just NOTHING.What's amazing is...the internet is filled with Dell laptop owners having this same broken hinge complaints but Dell Corp. isn't aware of anything.....[23]

---

[19] Posted by himanshu.saraf on 5/22/2020 (https://www.dell.com/community/Inspiron/Dell-Inspiron-15-7579-2-in-1-hinge-problem-and-warranty-denied/td-p/7355729/page/2).
[20] Posted by djhed on 6/30/2020 (https://www.dell.com/community/Inspiron/Dell-Inspiron-15-7579-2-in-1-hinge-problem-and-warranty-denied/td-p/7355729/page/2).
[21] Posted by kcpdx2 on 7/7/2020 (https://www.dell.com/community/Inspiron/Dell-Inspiron-15-7579-2-in-1-hinge-problem-and-warranty-denied/td-p/7355729/page/3).
[22] Posted by AbSe on 4/14/2020 (https://www.dell.com/community/Inspiron/15-7559-hinges-are-defective/m-p/5975568).
[23] Posted by mus098 on 11/28/2021 (https://www.dell.com/community/Inspiron/A-video-and-explanation-on-the-Inspiron-15-7000-hinge-issue/td-p/7249230).

I started having this issue today with my Inspiron 7559. I called Dell support overseas call center and they reported that they were entirely unaware of this issue did did not believe that there were hundreds of other with the same issue with their Inspiron 15 7000 series laptops. I'm not sure if Dell is ever going to step up and send replacements for these defective units.[24]

I too have the dreaded right hinge issue on my son's laptop. As the laptop was 3 years old when the problem developed and I saw Dell disavowed any design issue in the many failures online (see links below) I ordered the replacement lower case online.  I called and asked Dell to cover the installation labor only as I wasn't sure I wished to attempt it on my own.    I got bumped to a manager who gave me the party line;  not a design flaw... user wear and tear... off 1 year warranty.    So disappointing when a company doesn't realize people vote with their feet and won't own up to issues that are their responsibility!  In my job I have ordered 100's of dells.  Never felt they weren't straight up or reasonable about warranty issues in the past. These hinges are not being misused; the tightness of the hinges and screws without loctite are causing the issues.    Dell has lost a customer for life for not meeting me half way![25]

I have the same thing happened to my 9 month old Inspiron 15-7579 Laptop. I don't know what to do now. My Dell warranty is till Jan 2018.[26]

I have the identical problem as you. Mine is still under warranty, but I am told that they won't cover it because the case is cracked showing damage.  I explained that the hinge issue caused the damage to the case, but they still won't honor the warranty on this.  I am so angry....with no recourse apparently.[27]

I experienced the exact same issue, and as for many others this resulted in the WIFI antenna cable breaking as its connecting to into the display right where the hinge is coming apart Truly a shame, as this renders what could have been a very decent laptop basically unusable.[28]

---

[24] Posted by RJH85 on 8/29/2019 (https://www.dell.com/community/Inspiron/A-video-and-explanation-on-the-Inspiron-15-7000-hinge-issue/td-p/7249230).

[25] Posted by lagerman on 11/7/2018 (https://www.dell.com/community/Inspiron/yet-another-Inspiron-right-hinge-issue/td-p/6213253).

[26] Posted by tomsree on 9/11/2017 (https://www.dell.com/community/Laptops-General-Read-Only/Dell-s-hinge-policy-regarding-Inspiron-15-7000-series/td-p/5144121).

[27] Posted by AJ_Tally on 10/19/2017 (https://www.dell.com/community/Laptops-General-Read-Only/Dell-s-hinge-policy-regarding-Inspiron-15-7000-series/td-p/5144121).

[28] Posted by tanyagizell on 11/15/2020 (https://www.dell.com/community/Inspiron/15-7559-hinges-are-defective/m-p/5975568).

Same here, left hinge and the laptop has been babied! If you look for videos online they say "this is a common problem" so Dell should fix it. Good customer service is everything![29]

Bought a Inspiron 14 7415 2-in-1 in Nov that was delivered beginning Dec. Mid Jan the hinge stuck and the edge of the screen cracked, the laptop is well taken care of and doesn't move from the desk or leave the house. I see this is a common problem and Dell is charging me for screen replacement. what is the guarantee that this wont happen again? Do i need to budget £150 every 2 months for screen replacement? any guidance will be helpful.[30]

I  have this exact problem with my Dell Inspiron 13 7000 2 in 1. I bought this laptop in November '19 and used it basically for writing. Never ever dropped it, but now the left hinge is coming loose to the point were I am to afraid to open and close it or even use it in tablet mode. I now leave it open and use it as a desktop computer. What can I do? I did not expect to experience an issue such as this so early on.[31]

I just heard back from Dell Customer Service... they are saying this is "normal" and not covered under warranty. I find this utterly ridiculous. A loose hinge that will result in a flopping screen (as seen in my video) should not be considered "normal" wear and tear within the first few weeks or months of purchase. It's not like the laptop was abused or damaged. Under normal use, the hinge should not become so loose. The fact they won't stand behind their warranty should be a warning to anyone considering buying a product from Dell hoping that they'll support their product.[32]

I had the same problem shortly after purchasing an i7 7306 2-1.  I have never ever had this problem on another laptop over the 20 years. The (incredibly weak plastic/weak metal tab in the hinge broke and will likely fail prematurely in all these laptops. Disappointing, because in other respects this is a good laptop. If and when I get this fixed, I will be extremely careful not to fold over the laptop in use. Alternatively, I made use it as a desktop in the office for my employees (as another writer suggests) and get an Acer (which has a similar form factor but is much more robust.)[33]

---

[29] Posted by Fineart111 on 11/25/2022 (https://www.dell.com/community/Inspiron/15-7559-hinges-are-defective/m-p/5975568).
[30] Posted by Pravz on 2/1/2022 (https://www.dell.com/community/Inspiron/Inspiron-2-in-1-Hinge-Problem/td-p/8138361).
[31] Posted by Damiana on 8/17/2020 (https://www.dell.com/community/Inspiron/Inspiron-13-7000-2-in-1-7391-Hinge-Loose/td-p/7672137).
[32] Posted by Ins3rtNam3H3r3 on 8/25/2020 (https://www.dell.com/community/Inspiron/Inspiron-13-7000-2-in-1-7391-Hinge-Loose/td-p/7672137).
[33] Posted by Holzer12 on 11/24/2021 (https://www.dell.com/community/Inspiron/Inspiron-13-7000-2-in-1-7391-Hinge-Loose/td-p/7672137).

4883-1669-6412, v. 1

49.     Although Dell routinely clears from its forums complaints that are more than three years old, thus depriving Plaintiff of access to older complaints referenced in other forum postings—as the above sampling of complaints shows, Class Members have been vocal in complaining directly to Dell about the Defect for years, and the number and consistency of their complaints undoubtedly alerted Dell to the Defect's existence

### 3.     Dell's Knowledge of the Defect from Repair Data

50.     Dell also knew or should have known about the Defect because of the large number of claims for Defect repairs and part replacements made during the Class Devices' warranty periods.

51.     Consumers complain that the Defect causes the hinge to fail, ultimately causing their Class Devices to break down and the screens to crack.

52.     On information and belief, Dell, like all computer manufacturers, communicates with its distributors in order to identify pervasive defects, root causes, and potential repairs. Dell collects and analyzes field data, including but not limited to, repair requests made at distributors, technical reports prepared by engineers that have reviewed the Class Devices for which warranty coverage is requested, parts sales reports, and warranty claims data, in order to determine whether a defect exists and should be covered under warranty or through a goodwill program.

53.     Indeed, numerous Class members complain of having to send their Devices into Dell for repair under the warranty due to the Defect only for their Devices to fail again shortly thereafter. One Class member commented the following on an "Inspiron 2-in-1 Hinge Problem" post complaining of a hinge that stuck and caused the edge of the device's screen to crack:

> I had it happen on a 4 month old unit that was not treated rough.  Dell said the warranty did not cover physical damage, so I had to pay about 150 dollars to replace the screen.  4 months later, the replacement screen broke.  Clearly Dell is using

inferior materials on this computer.  Well, they have just lost a customer PERMANENTLY![34]

54.     Due to Dell's efforts to monitor defect trends and the sheer number of repairs and warranty requests made in connection with the Defect, Dell knew or should have known of the Defect.

### 4.     Dell's Knowledge of the Defect from Class Member Complaints on Third-Party Websites

55.     In addition to complaints made directly to Dell, consumers not only made complaints on third-party websites, but YouTube videos and DIY tutorial websites were made to help consumers attempt to fix the Defect themselves.

56.      On bestbuy.com, an authorized retailer of Dell products, owners of Class Devices voiced similar complaints about the Defect:

> The hinges broke after 1 year almost to the day, and now it's going back to Dell for a $200+ repair.  Other option is to junk it for nothing, or use it as a boat anchor but it doesn't weigh enough for that. 2 in 1 bad design that Dell doesn't stand behind. A $1000 computer should last more than a year right?[35]

> Had laptop almost a year, very well taken care of. Right hinge just snapped out of no where while opening for work. Best buy says contact Dell, Dell is NO help!!! Opening failure is on the customer....All that money down the drain, Apparently this is a common issue lately. Save yourself the headache go with something else.[36]

> DO NOT BUY DELL! The hinges break from simple opening and closing. Dell says not covered. Do your homework and save yourself some money! All over the internet. Dell says you are responsible for opening and closing the laptop. How does that make any sense? Buy a Lenovo with solid hinges!!![37]

---

[34] Posted by neveragain432 on 10/18/2022 (https://www.dell.com/community/Laptops-General-Read-Only/Inspiron-15-7000-7579-Hinge-Issue/td-p/5141216).
[35] Posted by ScottL in 11/2022 (https://www.bestbuy.com/site/dell-inspiron-7000-2-in-1-14-touch-screen-laptop-amd-ryzen-7-16gb-memory-512gb-solid-state-drive-blue/6458906.p?skuId=6458906).
[36] Posted by JessicaB in 11/2022 (https://www.bestbuy.com/site/dell-inspiron-7000-2-in-1-14-touch-screen-laptop-amd-ryzen-7-16gb-memory-512gb-solid-state-drive-blue/6458906.p?skuId=6458906).
[37] Posted by neverdellagain in 1/2022 (https://www.bestbuy.com/site/dell-inspiron-7000-2-in-1-14-touch-screen-laptop-amd-ryzen-7-16gb-memory-512gb-solid-state-drive-blue/6458906.p?skuId=6458906).

4883-1669-6412, v. 1

57.     As this small sampling of complaints shows, consumers have been vocal in complaining about the Defect and the issues it causes, and Dell has long been aware of their concerns. As the screenshots below reflect, Dell employees actively monitors third-party sites in order to track customer complaints and thus knew of the Defect:[38]



58.     Instead of recalling all Class Devices, Dell simply told consumers that the Class Devices were built correctly, and the consumers themselves are the problem, often denying warranty coverage on such claims:

---

[38] Posted by Mason in 05/2022 (https://www.bestbuy.com/site/dell-inspiron-7000-2-in-1-14-touch-screen-laptop-amd-ryzen-7-16gb-memory-512gb-solid-state-drive-blue/6458906.p?skuId=6458906).

4883-1669-6412, v. 1

⭐☆☆☆☆ **Defective hinge not covered by warranty**

✅ Verified Purchase | Posted 11 months ago. Owned for 3 months when reviewed.

Price to performance ratio-wise, the laptop is excellent. I used it for classes in my university as a computer science major, and it was able to handle any tasks thrown at it. My one complaint with the laptop is that the touchscreen accuracy is abysmal, but at least good to click X and scroll.

The reason for 1 star is that around 2 weeks from when I bought it at the store, I started feeling that the right hinge was a little loose, but I just chalked it up to it, naturally being like that. It wasn't until the return period had passed after two months and a half that the hinge actually came apart. Then a week after that, the screen started to crack from the bottom right as the pressure from essentially missing a hinge weighed on it. I contacted Dell Warranty to see if they would cover this as I'm assuming the hinge was defective otherwise horrible product quality, but they do not cover it, so :/

So I would say it's pretty terrible for only getting about 4 months of use from the laptop. It still might be worth a buy, though, if you get a lucky draw on a non-defective model.

✅ I would recommend this to a friend

39

⭐☆☆☆☆ **Hinges not working and screen damage**

✅ Verified Purchase | Posted 9 months ago. Owned for 2 months when reviewed.

Based on other reviews I feel like I got a defective laptop. It felt quite flimsy when I got it. Now, just a couple months after purchase, the hinges are not working properly and damaging the screen every time I try to open or close the laptop. Unfortunately, it is too late to return and Dell support is not helping solve the issue. My last 2-in-1 laptop lasted me 6 years so I am incredibly disappointed, and can't afford another $800 laptop...

❌ No, I would not recommend this to a friend

40

### 5.    <u>Dell's Redesign of the Hinges on its Premium Laptop Models</u>

59.    In addition to its knowledge of the Defect from testing and complaints, Dell's re-design of the hinge system equipped in Inspiron 2-in-1 models indicate it knows the dual 360-hinge system is defective.

60.    While the Class Devices utilize a dual-hinge design, in 2019 Dell began to use a single-hinge system in premium 7000 series Inspiron 2-in-1 devices.[41]

---

[39] Posted by liamundus in 1/2022 (https://www.bestbuy.com/site/dell-inspiron-7000-2-in-1-14-touch-screen-laptop-amd-ryzen-5-8gb-memory-256gb-solid-state-drive-blue/6458907.p?skuId=6458907).

[40] Posted by Gabi in 3/2022 (https://www.bestbuy.com/site/dell-inspiron-7000-2-in-1-14-touch-screen-laptop-amd-ryzen-5-8gb-memory-256gb-solid-state-drive-blue/6458907.p?skuId=6458907).

[41] *Dell Introduces Improved Inspiron 2-in-1s With New Hinge Design,* Thurrott, https://www.thurrott.com/hardware/196053/dell-introduces-improved-inspiron-2-in-1s-with-new-hinge-design (last accessed March14, 2023).

61.     On information and belief, Dell deployed an alternative hinge design in its premium offerings because it knew its customers would not tolerate spending thousands of dollars for a 2-in-1 device likely to fail shortly after purchase.

62.     The improved hinge design used in Dell's premium 2-in-1 devices demonstrates that Dell knew that the dual-hinge system it equipped in Class Devices is defective and unsuited for its intended purpose.

63.     Moreover, the large number and consistency of complaints describing the Defect underscores the fact that Class members considered the Defect to be an issue material to the reasonable consumer.

**D.     Dell's Warranty Practices**

64.     Dell's express limited warranty provides coverage for only one year, and "covers defects in materials and workmanship in your Dell-branded hardware products, including Dell-branded peripheral products"[42] Dell also purports to limit warranty relief to product replacement or repair.

65.     When consumers seek relief pursuant to the warranty, however, Dell merely offers to repair Devices using similarly defective dual-hinge systems that fail to remedy the underlying Defect. Thus, not only are Dell's claims that "[a]n innovative 360-degree hinge allows you to flip the keyboard around and lay it flat on your lap to surf social media, swipe through photos or pull up your playlists" patently false, its warranty also fails of its essential purpose.[43]

---

[42] https://www.dell.com/learn/us/en/uscorp1/legal_terms-conditions_dellgrmwebpage/art-limited-hardware-warranties (last visited Mar. 22, 2023).
[43] *Inspiron 2-in-1 Laptops*, Dell, https://web.archive.org/web/20201109152423/https://www.dell.com/en-us/shop/2-in-1-laptops/sf/2-in-1-pcs (cached Nov. 9, 2020).

4883-1669-6412, v. 1

66.     This is evidenced by consumer complaints concerning ineffective repairs, as discussed above[44]:



67.     Dell also attempts to classify the problems caused by the Defect as those caused by "misuse," so as to avoid responsibility and the costs associated with honoring their express warranty.[45]



68.     Indeed, complaints about the Defect are so pervasive, and the warranty implications so significant, that Dell has on several occasions posted to its website its "policy" concerning hinge failure:[46]

---

[44] Posted by neveragain432 on 10/18/2022 (https://www.dell.com/community/Inspiron/Inspiron-2-in-1-Hinge-Problem/td-p/8138361).

[45] Posted by AJ_Tally on 10/19/2017 (https://www.dell.com/community/Laptops-General-Read-Only/Dell-s-hinge-policy-regarding-Inspiron-15-7000-series/td-p/5144121).

[46] *Inspiron*, Dell, https://www.dell.com/community/Inspiron/Broken-Hinge-Policy-USA/m-p/8207816#M144941

23

## Broken Hinge Policy - USA

While Dell strives to provide our customers with systems and components of the highest quality and the lowest failure rates, please understand, though, that this practice cannot guarantee absolutely trouble free performance. The Dell Community is a USA based Forum, so the policies discussed here are primarily for Dell USA customers. If you are not in the USA, please contact Dell Technical Support in your country to discuss the applicable Dell policies.

Like all mechanical devices, hinges could be subject to failures. Consequently, we provide warranty coverage and a choice of Service Plan Agreements that furnish our customers with a range of options therefore:

If the laptop hinge or hinge assembly fails while **inside** the purchased warranty period;
* If still under warranty, click the "**Get help now**" icon on the right to start a live chat session
* The Get help now agent will first verify the Service Tag purchased warranty and ownership. Then they will troubleshoot with you. They will investigate the issue to verify that the failure was **not** *customer caused damage, abuse, misuse, or accidental damage*. At our discretion, Dell <u>may or may not</u> replace the hinge and/or the hinge assembly, or any other plastics, depending on the findings of the investigative process
* If the system is covered under Accidental Damage Service the hinges may be repaired 1 time per calendar year

However, if the laptop hinge or hinge assembly fails *outside* of the purchased warranty period, or is a result of customer caused damage, then the customer will be required to pay for the repair and parts using our expired warranty service <u>offering</u>. The customer may also opt to purchase the necessary parts to replace the hinges themselves or have a local technician do the work.

69.     These and any other limitations Dell seeks to impose on its various express warranties, including those arising by affirmation, are unconscionable and unenforceable.

70.     In its capacity as a warrantor, Dell's knowledge of the Defect in the Class Devices renders its efforts to limit the duration of express and implied warranties in a manner that would exclude warranty coverage unconscionable, and any such effort to disclaim, or otherwise limit, its express and implied warranties is null and void. The limitations on the warranties are procedurally unconscionable. There was unequal bargaining power between Dell and Plaintiff and the other Class members, as, at the time of purchase, Plaintiff and the other Class members had no other options for negotiating the terms thereof.

---

(last accessed March 14, 2023).

71.     The limitations on the warranties also are substantively unconscionable. Dell knew (and knows) that the Class Devices are defective and incapable of performing as advertised. Dell failed to disclose these defects to Plaintiff and the other Class members while continuing to market and misrepresent the performance properties of Class Devices; thus, Defendant's enforcement of the limitations on its warranties is harsh and shocks the conscience.

72.     Dell's fraudulent, deceptive, and unfair practices have caused, and continue to cause, Plaintiff and Class members significant out-of-pocket losses in the amount of the prices paid for these defective Devices, as well as their shipping and handling fees Dell requires consumers to pay in order to send their Devices via mail to be repaired.

## CLASS ALLEGATIONS

73.     Plaintiff brings this action on her own behalf, and on behalf of a nationwide class pursuant to Federal Rules of Civil Procedure, Rule 23(a), 23(b)(2), and/or 23(b)(3).

> **Nationwide Class:**
> All persons in the United States who are current or former owners of Dell-brand hybrid computing devices, including the Inspiron 2-in-1, that utilize a dual hinge system  ("Class Devices"[47]).

74.     In the alternative to the Nationwide Class, and pursuant to Federal Rule of Civil Procedure, Rule 23(c)(5), Plaintiff seeks to represent a Maryland Class only in the event that the Court declines to certify the Nationwide Class above. Specifically, the Maryland Class consists of:

> **Maryland Class:**
> All persons in Maryland who are current or former owners of Class Devices.

75.     The Nationwide Class and the Maryland Class shall be collectively referred to herein as the "Class."  Excluded from the Class is Dell, its affiliates, employees, officers and

---

[47] Plaintiff reserves the right to amend or add to Dell models included in the definition of Class Devices after conducting discovery, including Dell models with near identical forms, designs, and functions.

directors, and the Judge(s) assigned to this case.  Plaintiff reserves the right to modify, change, or expand the various class definitions set forth above based on discovery and further investigation.

76.     <u>Numerosity</u>:  Upon information and belief, the Class is so numerous that joinder of all members is impracticable.  While the exact number and identities of individual members of the Class are unknown at this time, such information being in the sole possession of Dell and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that hundreds of thousands of Class Devices have been sold.

77.     <u>Existence and Predominance of Common Questions of Fact and Law:</u> Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, without limitation:

     a.  Whether Class Devices suffer from a Defect that predisposes their hinges to premature and unexpected failure;

     b.  Whether the Defect causes, *inter alia*, screens and other Device components to fail;

     c.  Whether Dell learned of the Defect before placing Class Devices into the stream of commerce and, if so, when;

     d.  Whether the Defect's existence would have been material to a reasonable consumer;

     e.  Whether Dell made false representations about the nature and performance of the Class Devices; and

     f.  Whether Dell had a duty to disclose the Defect to the Class, at the point of sale or otherwise, and failed to do so;

     g.  Whether the Defect renders Class Devices unsuited for their ordinary and intended purpose;

     h.  Whether Dell's warranty limitations are unconscionable;

     i.  Whether Dell's repair-or-replace warranty fails of its essential purpose;

     j.  Whether Dell breached its express warranties by selling defective Class Devices; and

k.   Whether Dell was unjustly enriched.

78.   <u>Typicality</u>:   Plaintiff's claims are typical of the claims of the Class. Plaintiff purchased a Class Device that suffers from the Defect, as did each member of the Class. Furthermore, Plaintiff and the Class sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Dell's wrongful conduct.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent Class members.

79.   <u>Adequacy</u>:   Plaintiff is an adequate representative because her interests do not conflict with the interests of the Class, she has retained counsel competent and highly experienced in complex class action litigation, including consumer litigation, and she intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

80.   <u>Superiority</u>:   A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Dell's conduct.  It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, *inter alia*, Dell's sales records and database of complaints.

81.     Dell has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**
**(On Behalf of the Nationwide Class)**

82.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

83.     Congress enacted the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., in response to widespread consumer complaints regarding misleading and deceptive warranties. The Act imposes civil liability on any "warrantor" for failing to comply with any obligation under written and implied warranties. 15 U.S.C. § 2310(d)(1).

84.     The Class Devices are a "consumer product," as defined by § 2301(1).

85.     Plaintiff, the Nationwide Class, and the Maryland Class members are "consumers" as defined by § 2301(3).

86.     Dell is a "warrantor" and "supplier" as defined by §§ 2301(4) and (5).

87.     Dell expressly warrants that it will remedy defects in materials and/or workmanship in Class Devices that manifest within one year of purchase.[48]

88.     Dell also expressly limits warranty relief to product replacement or repair, and only when Dell determines that either is impossible, refund of the purchase price to the consumer.

89.     Dell has refused to remedy the Defect when Class Devices are presented for repair within an applicable warranty period because it repairs Devices using similarly defective

---

[48] *Warranty Information, Dell,* https://www.dell.com/learn/us/en/uscorp1/legal_terms-conditions_dellgrmwebpage/art-limited-hardware-warranties (last accessed March 22, 2023).

replacement components, or asserts that Devices failed due to customer abuse and, thus, do not qualify for warranty coverage. Dell's repair-or-replace warranty thus fails of its essential purpose.

90.     Dell also routinely refuses to repair the Defect in Class Devices when presented for repair just outside the warranty period on grounds that the devices fall outside the limited warranty's durational limits.

91.     Dell's knowledge and notice of the Defect prior to sale render its warranty limitations substantively unconscionable.

92.     Dell's warranties also are procedurally unconscionable because there was unequal bargaining power between Dell and Plaintiff and the other Class members, as, at the time of purchase, Plaintiff and the other Class members had no other options for negotiating the terms thereof.

93.     Dell's warranty remedial and durational warranty limitations thus are unconscionable and fail of their essential purpose, and are unenforceable.

94.     Plaintiff seeks to recover damages resulting directly from Dell's breach of their written and implied warranties, and their deceitful and unlawful conduct. Damages include costs associated with repairing and replacing the Device.

95.     The Act also provides for "other legal and equitable" relief. 15 U.S.C. § 2310(d)(1). Accordingly, Plaintiff seeks reformation of Dell's written warranty to comport with Dell's obligations under the Act and with consumers' reasonable expectations. Additionally, Plaintiff seeks to enjoin Dell from acting unlawfully as further alleged, including discouraging Plaintiff to seek all available remedies.

96.     The Act also provides for an award of costs and expenses, including attorneys' fees, to prevailing consumers in the Court's discretion. 15 U.S.C. § 2310(d)(2). Plaintiff intends to seek such an award as a prevailing consumer at the conclusion of this case.

**SECOND CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
**(On Behalf of Nationwide Class or, alternatively, the Maryland Class)**

97.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

98.     Dell expressly warrants that it will remedy defects in materials and/or workmanship in Class Devices that manifest within one year of purchase.[49]

99.     Dell also expressly limits warranty relief to product replacement or repair, and only when Dell determines that either is impossible, refund of the purchase price to the consumer.

100.    Dell, however, has refused to remedy the Defect when Class Devices are presented for repair within an applicable warranty period because it repairs Devices using similarly defective replacement components, or asserts that Devices failed due to customer abuse and, thus, do not qualify for warranty coverage. Dell's repair-or-replace warranty thus fails of its essential purpose.

101.    Dell also routinely refuses to repair the Defect in Class Devices when presented for repair just outside the warranty period on grounds that the devices fall outside the limited warranty's durational limits.

102.    Dell's knowledge and notice of the Defect prior to sale render its warranty limitations substantively unconscionable.

103.    Dell's warranties also are procedurally unconscionable because there was unequal bargaining power between Dell and Plaintiff and the other Class members, as, at the time of

---

[49] *Warranty Information, Dell,* https://www.dell.com/learn/us/en/uscorp1/legal_terms-conditions_dellgrmwebpage/art-limited-hardware-warranties (last accessed March 22, 2023).

4883-1669-6412, v. 1

purchase, Plaintiff and the other Class members had no other options for negotiating the terms thereof.

104.    Dell's warranty remedial and durational warranty limitations thus are unconscionable and fail of their essential purpose, and are unenforceable.

105.    Plaintiff has complied with the warranty terms. Plaintiff has made a demand upon Dell to perform under the warranty terms, but Dell has failed to comply with those terms.

106.    As a direct and proximate result of the breach of express warranties, Plaintiff has suffered damages, injury in fact, and ascertainable loss in an amount to be determined at trial, including repair and replacement costs and damages to other property.

**THIRD CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY**
**(On Behalf of Nationwide Class or, alternatively, the Maryland Class)**

107.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

108.    Dell is in the business of manufacturing, designing, supplying, marketing, advertising, warranting, and selling the Class Devices. Dell impliedly warranted to Plaintiff and the Class that the Class Devices were of a certain quality, free from defects, and fit for the ordinary purpose of a 2-in-1 tablet/laptop.

109.    But the Class Devices were unfit for ordinary use and were not of merchantable quality as warranted by Dell in violation of U.C.C. § 2-314 because the Devices have a Defect that (1) causes the hinge on the Class Devices to fail, move freely and ultimately crack Device screens and fray internal visual display wires, and (2) prohibits owners from actually transitioning Class Devices between tablet and laptop configurations.

110.     Before purchase, Plaintiff and the Class could not have readily discovered that the Devices were not merchantable, were not of the same quality as those generally acceptable in the trade, and did not conform to the quality previously represented.

111.     Dell has failed to provide adequate remedies under their limited warranties, which have caused those warranties to fail of their essential purpose, thereby permitting remedies under these implied warranties.

112.     Dell has not sufficiently (meaning specifically and conspicuously) disclaimed the implied warranty of merchantability.

113.     The purported limitations in Dell's warranties, including limiting the exclusive remedy to a refund, repair, or replacement, as well as any durational limitations, are procedurally and substantively unconscionable and thus fail under U.C.C. § 2-302. Dell knew or should have known that the Devices are susceptible to premature failure, Dell had unequal bargaining power and misrepresented the Devices' reliability, and the limited remedies unreasonably favor Dell and fail Plaintiff's (and the Class') reasonable expectations for product performance.

114.     Plaintiff gave Dell actual or constructive notice of the breaches of these warranties, and Dell has failed to cure these breaches.

115.     As a direct and proximate result of the breaches of these implied warranties, Plaintiff and the Class have suffered damages, injury in fact and ascertainable loss in an amount to be determined at trial, including repair and replacement costs and damages.

116.     Plaintiff demands judgment against Dell for compensatory damages for herself and each class member, for the establishment of a common fund, plus additional remedies as this Court deems fit.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT**
**Md. Comm. Code §§ 13-301,** *et seq.*
**(By Plaintiff on Behalf of the Maryland Class)**

117.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

118.    Plaintiff brings this claim on behalf of the Maryland Class against Dell.

119.    Dell is a person as defined by Md. Comm. Code § 13-101(h).

120.    Dell's conduct as alleged herein related to "sales," "offers for sale," or "bailment" as defined by Md. Comm. Code § 13-101(i) and § 13-303.

121.    Maryland Class members are "consumers" as defined by Md. Comm. Code § 13-101(c).

122.    Dell advertises, offers, or sells "consumer goods or "consumer services" as defined by Md. Comm. Code § 13-101(d).

123.    Dell advertised, offered, or sold goods or services in Maryland and engaged in trade or commerce directly or indirectly affecting the people of Maryland.

124.    Dell engaged in unfair and deceptive trade practices, in violation of Md. Comm. Code § 13-301, including:

    a.    False or misleading oral or written representations that have the capacity, tendency, or effect of deceiving or misleading consumers;

    b.    Representing that consumer goods or services have a characteristic that they do not have;

    c.    Representing that consumer goods or services are of a particular standard, quality, or grade that they are not;

    d.    Failing to state a material fact where the failure deceives or tends to deceive;

33

e.   Advertising or offering consumer goods or services without intent to sell, lease, or rent them as advertised or offer; and

f.   Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of consumer goods or services of the subsequent performance with respect to an agreement, sale, lease, or rental.

125.   Dell engaged in these unfair and deceptive trade practices in connection with offering for sale or selling consumer goods or services or with respect to the extension of consumer credit, in violation of Md. Comm. Code § 13-303.

126.   Dell's representations and omissions were material because they were likely to deceive reasonable consumers.

127.   Dell intended to mislead Plaintiff and the Maryland Class members and induce them to rely on its misrepresentations and omissions.

128.   Dell should have disclosed the Defect to Plaintiff and the Class because they were in a superior position to know the true facts related to the Defect, and Plaintiff and Class members could not reasonably be expected to learn or discover the true facts related to this Defect.

129.   Dell, by the conduct, statements, and omissions described above, also knowingly and intentionally concealed from Plaintiff and the Class members that Class Devices suffer from the Defect (and the costs, safety risks, and diminished value of the laptops as a result of this problem).

130.   These acts and practices have deceived Plaintiff and are likely to deceive the public. Dell, by the conduct, statements, and omissions described above, and by knowingly and

intentionally concealing from Plaintiff and the Class members that the Class Devices suffer from the Defect (and the costs, safety risks, and diminished value of the laptops as a result of this problem), breached their duties to disclose these facts, violated the MCPA, and caused injuries to Plaintiff and the Class members.  The omissions and acts of concealment by Dell pertained to information that was material to Plaintiff and Class members, as it would have been to all reasonable consumers.

131.    The injuries suffered by Plaintiff and the Class members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiff and the Class members should have reasonably avoided.

132.    Dell's conduct proximately caused injuries to Plaintiff and other Class members. Had Plaintiff and the Class known about the defective nature of the Class Devices, they would not have purchased the Class Devices, would have paid less for them or would have avoided the extensive repair costs associated therewith.

133.    Plaintiff and the Maryland Class members seek all monetary and non-monetary relief allowed by law, including damages, disgorgement, injunctive relief, and attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(On Behalf of the Nationwide Class or, alternatively, the Maryland Class)**

134.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

135.    Plaintiff brings this cause of action on behalf of herself and a class of similarly situated persons against Dell.

136.    Plaintiff and the Class conferred a benefit on Dell by purchasing the Class Devices.

4883-1669-6412, v. 1

137.    Dell had knowledge that this benefit was conferred upon it.

138.    Dell has been unjustly enriched at the expense of Plaintiff and the Class, and its retention of this benefit under the circumstances would be inequitable.

139.    Plaintiff, on behalf of herself and all others similarly situated, demands judgment against Dell for damages and declaratory relief.

**SIXTH CAUSE OF ACTION**
**FRAUDULENT OMISSION OR CONCEALMENT**
**(On Behalf of Nationwide Class or, alternatively, the Maryland Class)**

140.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

141.    Plaintiff brings this cause of action on behalf of herself and a class of similarly situated persons against Dell.

142.    At all relevant times, Dell was engaged in the business of designing, manufacturing, distributing, and selling the Class Devices.

143.    Dell, acting through its representatives or agents, delivered Class Devices to its distributors and various other distribution channels.

144.    Dell willfully, falsely, and knowingly omitted various material facts regarding the quality and character of the Class Devices.

145.    Rather than disclose the Defect to Plaintiff and other prospective purchasers of Class Devices, Dell concealed the Defect.

146.    Dell omitted and concealed this material information to drive up sales and maintain its market power, as consumers would not purchase Class Devices, or would pay substantially less for them, had they known the truth.

147.    Plaintiff and Class members could not have discovered the Defect prior to it manifesting in their Class Devices.

148.    Dell was in exclusive possession of information concerning the Defect's existence, which would have been material to reasonable consumers, and thus was obligated to disclose the Defect to Plaintiff and Class members, at the point of sale or otherwise.

149.    Although Dell had a duty to disclose the Defect to consumers, it failed to do so.

150.    Plaintiff and Class members sustained injury at the time they purchased Class Devices that suffer from the Defect, which Defendant failed to disclose and actively concealed from them. Had Plaintiff and the Class known about the Defect at the time of purchase, they would have paid substantially less for their Class Devices, or would not have purchased them and avoided the significant out-of-pocket costs they have or will incur to repair or replace Class Devices once the Defect manifests.

151.    Dell's acts were done maliciously, oppressively, deliberately, and with intent to defraud, and in reckless disregard of Plaintiff and Class members' rights and well-being, and in part to enrich itself at the expense of consumers. Dell's acts were done to gain commercial advantage over competitors, and to drive consumers away from consideration of competitor devices. Dell's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, respectfully requests that this Court:

4883-1669-6412, v. 1

A.  determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

B.  appoint Plaintiff as the representative of the Class and her counsel as Class counsel;

C.  award all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiff and the Class members are entitled;

D.  award pre-judgment and post-judgment interest on such monetary relief;

E.  grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Dell to repair, recall, and/or replace the Class Devices;

F.  award reasonable attorneys' fees and costs; and

G.  grant such further relief that this Court deems appropriate.

## JURY DEMAND

Plaintiffs, on behalf of themselves and members of the Class, respectfully demand trial by jury on all matters.


Dated:  April 7, 2023                          Respectfully submitted,


By:    */s/ James P. Ulwick*
       James P. Ulwick (Federal Bar No. 00536)
       **KRAMON & GRAHAM, P.A**.
       One South Street, Suite 2600
       Baltimore, Maryland 21202
       (410 752-6030
       (410) 539-1269 (facsimile)
       julwick@kg-law.com

       Joseph G. Sauder
       Joseph B. Kenney
       **SAUDER SCHELKOPF LLC**
       1109 Lancaster Ave.
       Berwyn, PA 19312

38

(T): (888)-711-9975
(F): (610) 421-1326
jgs@sstriallawyers.com
jbk@sstriallawyers.com

Daniel O. Herrera
Olivia A. Lawless
**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
150 S. Wacker Dr.
Suite 3000
Chicago, Illinois 60606
Telephone: (312)782-4880
Facsimile: (312)782-7785
dherrera@caffertyclobes.com
olawless@caffertyclobes.com

*Counsel for Plaintiff*

4883-1669-6412, v. 1